Tony **HARRIS**, Plaintiff,

v.

**COSTCO WHOLESALE CORP.,**
et al., Defendants.

No. 04 CV 0409 L(WME).

United States District Court,
S.D. California.

March 15, 2005.

**676**

Lynn Hubbard, III, Law Offices of Lynn Hubbard III, Chico, CA, for Plaintiff.

Charles A. Valente, Praveen Kosuri, Krasnow Saunders Cornblath, LLP, Chicago, IL, John C. Edwards, Law Offices of John C. Edwards, La Jolla, CA, for Defendants.

### ORDER RE: PAYMENT OF PLAINTIFF'S EXPERT

MCCURINE, United States Magistrate Judge.

On March 3, 2005 an issue arose in the above captioned matter during the deposition of Plaintiff's testifying expert, Mr. Reed Settle. According to Defendants, "[a]fter approximately 15 minutes of preliminaries, Lynn Hubbard, Plaintiff's counsel, abruptly terminated the deposition and walked out with Mr. Settle." Defs.' Brief at 1. The reason for their abrupt departure was that Plaintiff's counsel demanded immediate

payment for Mr. Settle's time at the rate of $250.00 an hour and Defendants' counsel indicated he did not have a check on him. See id. Despite Defense counsel's assertion on the record that "[i]f the Federal Rules of Civil Procedure provide that Mr. Settle is entitled to receive an expert witness fee, we will pay it," Plaintiff found that response "equivocal" and terminated the deposition. Trans. of Depo. at 14.

Both parties have submitted letter briefs on the issue. After reviewing the documents submitted and all attached exhibits the Court hereby **DENIES** without prejudice Defendants' request to bar Plaintiff from calling Reed Settle to testify at trial and **ORDERS** Plaintiff to pay Defendants' reasonable attorneys fees and costs incurred in connection with the deposition, including any work, appearances or costs related to Defendants' motion.

The Court agrees with Plaintiff that FED. R.CIV.P. 26(b)(4)(C) provides in relevant part that "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery...." FED.R.CIV.P. 26(b)(4)(C). The Court likewise agrees it is irrelevant that Mr. Settle was subpoenaed to appear at the deposition. See Fisher–Price, Inc. v. Safety 1st, Inc., 217 F.R.D. 329, 331 (D.Del.2003)(stating "[i]t is irrelevant that Fisher–Price employed a subpoena pursuant to Rule 45 as a preclude to discovery under Rule 26"). Defendants also cite FED.R.CIV.P. 26(b)(4)(C) as controlling authority over this issue.

The rule does not state, however, that the expert's fees must be paid in advance of the deposition absent agreement to do so. To the contrary, "[u]nlike ordinary witness fees, no rule requires that an opposing expert's deposition fees be tendered to the witness in advance; in fact, Fisher–Price indicates that a motion for reimbursement of such fees can be made post-trial." California Practice Guide, Federal Civil Procedure Before Trial, 11:458:1 (West Group 2004); See Fisher–Price, 217 F.R.D. at 335. Because there is no rule allowing a party to terminate a deposition for the failure to pay opposing expert

witness fees in advance, Plaintiff's counsel was wrong in doing so in the instant case.

■ The Federal Rules of Civil Procedure provide alternative means to object to a deposition. Remedies include putting an objection on the record in accordance with FED. R.CIV.P. 30(c) and then applying to the Court through proper motion if fees were not paid or paid untimely after the conclusion of the deposition and once the expert fees were either determined or agreed upon. Alternatively, Plaintiff could have contacted the Court at the time of the deposition to get the Court's guidance or an immediate ruling.[1]

Because Plaintiff's counsel did not exercise either of the appropriate remedies, Defendants are *not* responsible for any of Mr. Settle's fees incurred on March 3, 2004. However, Plaintiff is required to pay Defendants' counsel's reasonable attorney's fees and costs associated with the deposition. To that effect, Defendants' counsel is to lodge with the Court and serve on Plaintiff's counsel on or before *March 24, 2005*, an affidavit regarding the fees and costs incurred on March 3, 2004 in connection with the deposition.

Plaintiff's counsel has five (5) calendar days from receipt of the affidavit to either lodge an opposition or request an evidentiary hearing on the issue of the fees. Plaintiff's counsel is cautioned, however, that the total amount of attorney's fees awarded may include time spent preparing for and arguing at the evidentiary hearing.

Plaintiff must make Mr. Settle available for deposition at a mutually convenient time, but no later than *April 12, 2005*. If Plaintiff and Defendants cannot agree on an hourly fee for Mr. Settle's deposition, the deposition shall still go forward. The parties may lodge with the court and serve on one another letter briefs not to exceed five (5) pages (excluding exhibits and affidavits) on the reasonableness of Mr. Settle's hourly fee on or before *April 22, 2005*. The Court will determine the issue of Mr. Settle's hourly fee.

Questions regarding this case may be directed to the Magistrate Judge's chambers at (619) 557–6624.

**IT IS SO ORDERED.**

---

**1.** This remedy is least favored given the availability of FED R.CIV.P. 30(c).